# COURT OF APPEALS
# DECISION
# DATED AND FILED

## February 23, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1428**

Cir. Ct. No. **2021CV735**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STEPHEN TRAVERS AND ROBERT WARD,

PLAINTIFFS-APPELLANTS,

V.

EYEKOR, INC.,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Stephen Travers and Robert Ward appeal a circuit court order granting EyeKor, Inc.'s motion to dismiss their complaint for failure to

state a claim upon which relief can be granted. *See* WIS. STAT. § 802.06(2)(a)6. (2021-22).[1] Because we conclude that the complaint fails to allege sufficient facts to support a claim for wrongful termination, we affirm. The complaint makes the following material allegations.

¶2 EyeKor is a Wisconsin corporation that, using a proprietary system called "Excelsior," manages ophthalmic testing, information gathering, and information analysis related to clinical trials. Travers worked for EyeKor as a Senior Director of Clinical Research, and Ward worked for EyeKor as an IT Manager. Neither Travers nor Ward had an employment contract with EyeKor, and both were terminated from EyeKor on April 2, 2020.

¶3 Together, Travers and Ward filed suit against EyeKor, claiming common law wrongful termination. Their complaint alleges that Travers and Ward were fired after complaining to various superiors that the Excelsior system: (1) did not comply with rules and regulations concerning data security promulgated by the Food and Drug Administration (FDA) and set forth in the Food, Drug, and Cosmetic Act (FDCA); and (2) failed to secure protected health information (PHI) for individuals involved in clinical trials, in violation of the federal Health Insurance Portability and Accountability Act (HIPAA).[2] The complaint further asserts that: EyeKor represented to its clients and the public that

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The complaint also alleged that EyeKor did not comply with "the European Union's General Data Protection Regulation" (GDPR). The appellants' arguments concerning alleged violations of the GDPR overlap with their arguments concerning alleged violations of federal regulations and, for simplicity's sake, we discuss the allegedly violated regulations as a group, without distinction.

Excelsior was compliant with federal regulations; Travers and Ward told their superiors they were obligated to bring EyeKor into compliance with these regulations and "would not engage in conduct that would be in noncompliance with" federal regulations; EyeKor's CEO "was visibly and audibly upset with Travers's objection to and refusal to join in EyeKor's noncompliance" with these regulations; and, when Ward complained to EyeKor's Director of Regulatory Compliance about the noncompliance, the director responded, "we fake it until we make it."

¶4      In terms of relief, Travers and Ward ask for:  (1) "a permanent injunction against the [d]efendant from engaging in employment practices in violation of the common law of the State of Wisconsin"; (2) an order requiring the defendant "to institute and carry out policies, practices and programs that comply with the FDCA and the FDA"; and (3) an order reinstating their employment "with full seniority and benefits" and compensating both for EyeKor's alleged violations of "the common law of the State of Wisconsin by terminating [their] employment in contravention of fundamental and well-defined public policy."

¶5      EyeKor filed a motion to dismiss on the ground that the complaint fails to state a cognizable claim for wrongful discharge.  EyeKor asserted that the complaint is deficient because it fails to allege that EyeKor terminated Travers and Ward either:  (a) for refusing a directive to violate the law; or (b) in retaliation for fulfilling an obligation imposed by law.

¶6      The circuit court ordered the parties to brief their positions and, in an oral ruling, granted EyeKor's motion to dismiss.  The circuit court emphasized that Travers and Ward have "not pled facts showing that [EyeKor] required them to violate the law" and they do not "point to any statute or regulation that requires

them by law to report noncompliance."  The court stated that what Travers and Ward had pled in their complaint is akin to "being terminated for their role as whistle-blowers" and noted that "our Supreme Court has clearly repeatedly rejected the adoption of a whistle-blower exception."

¶7      On appeal, Travers and Ward maintain that the complaint sets forth a colorable claim of common law wrongful termination and, as such, the circuit court erred in granting EyeKor's motion to dismiss.  Whether a claim is stated under which relief can be granted is a question of law for our de novo review. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.  On a motion to dismiss, the complaint's allegations are taken as true as are the reasonable inferences therefrom, *see **Kaloti Enters., Inc. v. Kellogg Sales Co.***, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205, but we cannot add facts as we review the complaint, *see **Doe v. Archdiocese of Milwaukee***, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W.2d 180.  Moreover, pleaded facts and legal conclusions must be distinguished because the latter are not accepted as true and are insufficient to defeat a motion to dismiss. ***Data Key Partners***, 356 Wis. 2d 665, ¶19.

¶8      Wisconsin is an employment-at-will state meaning that, in general, an employer may fire an employee "for good cause, for no cause, or even for cause morally wrong." ***Brockmeyer v. Dun & Bradstreet***, 113 Wis. 2d 561, 567, 335 N.W.2d 834 (1983).  In ***Brockmeyer***, the Wisconsin Supreme Court carved out "a narrow public policy exception" to the at-will doctrine. ***Id***. at 572.  The exception allows the discharged employee to pursue a claim for wrongful discharge when "the [employee's] discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law." ***Id.*** at 573.  Put another way, "[a]n employer may not require an employee to violate a constitutional or

statutory provision with impunity. If an employee refuses to act in an unlawful manner, the employer would be violating public policy by terminating the employee for such behavior." ***Id.***

¶9 In ***Bushko v. Miller Brewing Co.***, 134 Wis. 2d 136, 396 N.W.2d 167 (1986), the Wisconsin Supreme Court reiterated that a claim for wrongful discharge can only lie where the employee is discharged "for refusing a command to violate" the law. ***Bushko***, 134 Wis. 2d at 141. In contrast, an employee who chooses to act "of his [or her] own volition … consistently with public policy … does no more than obey the law." ***Id.*** at 142. Bushko was fired after complaining about workplace policies he considered unsafe and/or dishonest. ***Id.*** at 138. He brought a claim for wrongful termination, arguing that he was fired for engaging in activity consistent with public policy. ***Id.*** at 137-38. This court agreed with Bushko that the public policy exception encompassed the discharge of an employee for complaining about public policy matters. ***Id.*** at 140.

¶10 The supreme court reversed, emphasizing that the public policy exception set forth in ***Brockmeyer*** "requires that the discharge be for refusing a command to violate a public policy as established by a statutory or constitutional provision." ***Id.*** at 141. It is not enough that an employee is terminated for "acting consistent with" public policy. ***Id.*** at 145. Because Bushko was not required as a condition of continued employment to violate any statutory or constitutional provisions, he failed to set forth a cognizable wrongful discharge claim. ***Id.*** at 147.

¶11 Also material to our analysis is ***Hausman v. St. Croix Care Center***, 214 Wis. 2d 655, 571 N.W.2d 393 (1997), in which the Wisconsin Supreme Court acknowledged that a wrongful discharge claim lies not only when an employee is

terminated for refusing to violate the law, but also when the termination results because the employee complied with a specific legal mandate imposed on that employee. *Id.* at 669. Specifically, the *Hausman* court found a colorable cause of action for wrongful discharge where two nurses were fired because they complied with a Wisconsin statute requiring them to report nursing home abuse. *Id***.** at 668-69.

¶12    We agree with EyeKor and the circuit court that, consistent with the principles set forth in *Bushko* and *Hausman*, Travers and Ward fail to set forth a cognizable claim of common law wrongful discharge. Taken as true, the complaint's factual allegations fail to support an inference that EyeKor terminated their employment either for refusing a directive to violate the law or for engaging in affirmative conduct required by the law. As in *Bushko*, Travers and Ward have alleged only that they took it upon themselves to tell EyeKor that they refused to act in noncompliance with federal regulations or to break the law. We agree with the circuit court and EyeKor that, under the narrow public policy exception as it now exists, such allegations do not give rise to a wrongful discharge claim.

¶13    Travers and Ward argue that their claim should survive dismissal because the complaint alleges that "[EyeKor] terminated the employment of Travers and Ward because they refused to violate the fundamental and well-defined public policies found in the FDCA and HIPAA."

¶14    We disagree. The above assertion is conclusory and unsupported by the specific facts alleged. The complaint sets forth the actions Travers and Ward took in complaining to their superiors, and there is no factual allegation that they were directed or refused to do anything. *See Doe*, 284 Wis. 2d 307, ¶19 (bare legal conclusions set out in a complaint are insufficient to ward off a motion to

dismiss). Unlike the nurses in ***Hausman v. St. Croix Care Center***, 214 Wis. 2d 655, 571 N.W.2d 393 (1997), there is no allegation that Travers and Ward were fired for complying with an affirmative obligation imposed by law. *Cf.* ***Hausman***, 214 Wis. 2d at 669.

¶15     Travers and Ward make assertions regarding the need to protect the public from medical products and devices. They claim that their complaints about regulatory compliance were motivated by a desire to protect the public. However, as the circuit court correctly noted, this is more akin to whistle-blowing, which the Wisconsin Supreme Court has expressly rejected as grounds for a common law wrongful termination claim. *See **id.*** at 666.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.